**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 16-21987 (JJT) |
| | ) | | |
| RAJANKUMAR S. VACHHANI, | ) | CHAPTER | 7 |
|     DEBTOR. | ) | | |
| | ) | | |
| THOMAS C. BOSCARINO, TRUSTEE, | ) | ADV. PRO. NO. | 18-02009 (JJT) |
| | ) | | |
|     PLAINTIFF | ) | RE: ECF NOS. | 3, 20, 22, 23, 36, 37, 38 |
| | ) | | |
| V. | ) | | |
| | ) | | |
| AAKAR VACHHANI, MONIKA VACHHANI, and WELLS FARGO BANK, N.A. | ) | | |
| | ) | | |
|     DEFENDANTS. | ) | | |

**RULING AND ORDER DISMISSING
COUNT I OF THE TRUSTEE'S AMENDED COMPLAINT**

I.    INTRODUCTION

Thomas C. Boscarino ("Trustee") began this adversary proceeding ("Adversary Proceeding") in the underlying Chapter 7 case of Rajankumar S. Vachhani ("Debtor"). The Trustee initiated the Adversary Proceeding to recover the value or interest in real property previously held by the Debtor for the Chapter 7 bankruptcy estate's benefit from Wells Fargo Bank, N.A. ("Wells Fargo"), Aakar Vachhani, and Monika Vachhani (collectively, "Defendants").

The Trustee's Amended Complaint ("Complaint," ECF No. 3) advances three counts. Count I makes claims under 11 U.S.C. §§ 544, 549, and 550 to avoid two unauthorized post-petition real property conveyances. Under Count I, the Trustee first argues that the real property conveyance by deed from the Debtor to Aakar Vachhani and Monika Vachhani ("Vachhanis") is

avoidable under 11 U.S.C. § 549(a)(1) and ineffective under N.J. Stat. 46:26A-12. The Trustee alleges secondly that the Vachhanis' subsequent real property encumbrance by mortgage to Wells Fargo is ineffective against the Trustee under N.J. Stat. 46:26A-12.[1] Count II attempts to avoid the pre-petition conveyance of real property from the Debtor to his alleged insiders, the Vachhanis, as fraudulent under 11 U.S.C. § 544 and N.J. Stat. 25:2-27(b). Court III seeks to avoid the pre-petition conveyance of real property to the Vachhanis as a preference under 11 U.S.C. § 547. Throughout all three counts of the Complaint, the Trustee seemingly also relies on 11 U.S.C. § 550(a)(1), with respect to the Vachhanis, and 11 U.S.C. § 550(a)(2), with respect to Wells Fargo, to argue his entitlement to the value of the conveyances or the Debtor's interest in the real property at issue.

In response to the Complaint, the Defendants filed two motions ("Motions"). Wells Fargo filed the Motion to Dismiss Count I of the Complaint (ECF No. 22) and accompanying Memorandum of Law (ECF No. 23), and the Vachhanis filed the Motion to Dismiss Count I of the Complaint (ECF No. 36).[2] The Trustee has interposed an objection ("Objection," ECF No. 37) to the Motions. Wells Fargo filed a reply brief (ECF No. 38) to the Objection. The Defendants urge that this Court's determination regarding whether the conveyances at issue occurred pre-petition is dispositive of the Motions. For the reasons stated below, the Motions are **GRANTED**.

II.    FACTS

The Court notes the following facts alleged in the Complaint. On December 9, 2016 ("Petition Date"), the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. Compl. ¶ 1. On December 3, 2016, six days prior to the Petition Date, the Debtor, Saroj R. Vachhani, and Aakar Vachhani conveyed the property located at 225 Long Meadow Road,

---

[1] Count I additionally makes reference to the Trustee's hypothetical judgment creditor and bona fide purchaser status under 11 U.S.C. § 544(a)(1) and (3). However, the Trustee does not plead this specific cause of action until Count II.
[2] The Vachhanis' Motion to Dismiss fully adopts the reasoning and case law of Wells Fargo's Memorandum of Law.

Bedminster, New Jersey 07921 ("Property") by deed ("Deed") to the Vachhanis. Compl. ¶ 7. On the same day that the Vachhanis accepted the Deed, in connection with a loan agreement, they executed a mortgage ("Mortgage") with Wells Fargo, encumbering the Property. Compl. ¶ 8. The Deed and the Mortgage conveyances ("Transfers") were not recorded until March 9, 2017, three months after the Petition Date. Compl. ¶¶ 7–8.

### III. JURISDICTION

The Court has subject matter jurisdiction over the Adversary Proceeding pursuant to 28 U.S.C. § 1334(b). The Bankruptcy Court derives its authority to hear and determine this matter pursuant to 28 U.S.C. § 157(a) and (b)(1) and the General Order of Reference of the United States District Court for the District of Connecticut dated September 21, 1984. Count I is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E) and (H).

### IV. LEGAL DISCUSSION

#### A. Motion to Dismiss Legal Standard

Federal Rule of Civil Procedure 12(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 7012(b), allows a party to move to dismiss a cause of action for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). This type of motion is meant "merely to assess the legal feasibility of the complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)).

To survive a motion to dismiss, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The "complaint must contain sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted) (quoting *Bell Atlantic Corp.*

3

*v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court laid out a two-step test in *Iqbal* to evaluate a complaint's sufficiency. First, except for legal conclusions, all allegations contained in the complaint are accepted as true. *Iqbal*, 556 U.S. at 678. Second, the complaint must state a plausible claim for relief to survive dismissal. *Id.* at 679. The plaintiff makes a facially plausible claim when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining a claim's plausibility for relief is "context-specific" and "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### B. The Property Transfers

Pursuant to 11 U.S.C. § 549(a)(1), Count I seeks to avoid the title conveyances by Deed to the Vachhanis and by Mortgage to Wells Fargo. The Trustee argues that the Debtor made the Transfers without the Trustee's knowledge or consent and without court approval. The Trustee asserts that he succeeded to the Debtor's Property interest on the Petition Date. Compl. ¶ 9. Under 11 U.S.C. § 544(a)(1) and (3), he has the powers of both a hypothetical judgment creditor and purchaser for value without knowledge. Compl. ¶ 11. The Trustee also argues that the unrecorded Deed and Mortgage were ineffective as to him under N.J. Stat. 46-26A-12(c). Obj. 4–5. Without citation to any legal authority, he alleges that the actual title conveyance only occurred upon the Deed's recording, allowing him to avoid the Transfers as post-petition property conveyances and recover the value of the Debtor's interest.[3] Obj. 6. The Trustee asserts that he can recover the value of the Debtor's interest in the Property from the Defendants because of their status as initial and immediate transferees under 11 U.S.C. § 550(a)(1)–(2). Compl. ¶¶ 13–14.

---

[3] The Deed and Mortgage recordings constitute the only events that occurred post-petition. These acts may implicate the automatic stay provisions imposed under 11 U.S.C. § 362(a). Accordingly, if the Court finds that the Transfers are invalid pre-petition conveyances, then the Deed and Mortgage recordings may be of no force and effect under 11 U.S.C. §§ 362 and 544. This question, if properly pled, is left for another day.

4

The Defendants counter that the Debtor completed the Transfers six days prior to the Petition Date, when the Deed and Mortgage were executed, delivered, and accepted. Mem. 8–9. The Defendants further contend that since the Transfers occurred pre-petition, the Property is not subject to avoidability under 11 U.S.C. § 549. Mem. 7. Wells Fargo argues that the Trustee's status as a bona fide purchaser or judgment lien creditor under 11 U.S.C. § 544 cannot create a claim under 11 U.S.C. § 549. Reply 3. The Defendants accordingly urge the Court to dismiss Count I for failure to state a claim under 11 U.S.C. § 549(a)(1) upon which relief can be granted. Mem. 12.

### i.    *Trustee's Strong-Arm Powers*

The bankruptcy "estate is comprised of all of the following property, wherever located and by whomever held: . . . all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The "strong arm" clause, 11 U.S.C. § 544(a), defines the trustee's powers over rival creditors. 5 COLLIER ON BANKRUPTCY ¶ 544.01, p. 544-4 (16th ed. 2018). The Bankruptcy Code provides that:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
>
> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
>
> . . .
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a). These powers are not self-effectuating or automatic but instead require the trustee to take affirmative action to assert such authority. *Noland v. HSBC Auto Fin., Inc. (In re Baine)*, 393 B.R. 561, 566 (Bankr. S.D. Ohio 2008). "Congress's inclusion of the phrase 'as of the commencement of the case' strongly suggests that it only meant § 544 to apply to prepetition transfers." *Casey v. Rotenberg, (In re Kenny G. Enters., LLC)*, 512 B.R. 628, 635 (C.D. Cal. 2014). Indeed, the statute's text specifies that the trustee possesses these powers on the petition date. Thus, the disputed transfer "must necessarily have already occurred." *Id.* "[T]he scope of these avoidance powers vis-a-vis third parties is governed entirely by the substantive law of the state in which the property in question is located as of the bankruptcy petition's filing. . . . The trustee's avoidance powers under § 544(a) do not supplant state law[.]" *Midlantic Nat. Bank v. Bridge (In re Bridge)*, 18 F.3d 195, 200 (3d Cir. 1994).

      ii.  *Transfer Defined*

    The Bankruptcy Code defines "transfer" as "the creation of a lien [or] each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with— (i) property; or (ii) an interest in property." 11 U.S.C. § 101(54). State law governs the creation and definition of property interests. *Butner v. United States*, 440 U.S. 48, 55 (1979). In New Jersey, "[t]ransfer of a real property interest by deed is complete upon execution and delivery of the deed by the grantor, and acceptance of the deed by the grantee." *H.K. v. State, Dep't of Human Servs., Div. of Med. Assistance & Health Servs.*, 184 N.J. 367, 382 (2005). A delivered deed "does not need to be recorded, therefore, in order to pass title." *Id.* Recording functions to protect creditors and does not effectuate a title transfer. *Id.* at 382–83.

    The Property is located in New Jersey, where the execution, delivery, and acceptance of the Deed passed title to the Vachhanis. The Vachhanis held title on the Petition Date, leaving the

6

Debtor with no legal or equitable interest in the Property, even if the Trustee had no way of knowing it. The Trustee's hypothetical bona fide purchaser status vested on the Petition Date, and with that, came all of the powers available to him under 11 U.S.C. § 544(a) to avoid inappropriate transfers. The Trustee may rightly endeavor to use those powers but must do so in a properly pled complaint.

New Jersey is a "lien theory" state. *In re Cordova*, 500 B.R. 701, 707 n.11 (D.N.J. 2013). As such, the mortgage secures "a lien or an interest in" real estate held in title by the mortgagor. *In re Bridge*, 18 F.3d at 200 (quoting *Garnick v. Serewitch*, 39 N.J. Super. 486, 496 (Ch. Div. 1956)). Where a mortgage was executed but went unrecorded, the mortgagee holds an equitable lien on the property, which could potentially defeat the trustee's avoidance powers. *In re Bridge*, 18 F.3d at 200. By operation of New Jersey law, the Mortgage secured an equitable lien on the Property upon execution, even though it was not recorded until after the Petition Date.

### iii. *Effect of Recording*

"As a hypothetical bona fide purchaser, the trustee is deemed to have paid value for the [debtor's] property and is deemed to have perfected (i.e., recorded) his interest as legal title holder in the subject property as of the date of the bankruptcy petition's filing." *Musolino v. Orr*, 2014 WL 3528417, at *4 (D.N.J. July 16, 2014) (quoting *In re Bridge*, 18 F.3d at 204). Pursuant to N.J. Stat. 46:26A-12(c), "[a] deed or other conveyance of an interest in real property shall be of no effect against subsequent judgment creditors without notice, and against subsequent bona fide purchasers and mortgagees for valuable consideration without notice and whose conveyance or mortgage is recorded[.]"

While the Trustee points to the aforementioned statute to defend his argument that the Transfers were ineffective as to him, the statute merely serves to explain the *effects* of the

7

Transfers' recording rather than *effectuating* the Transfers. The statute does not dismantle the conveyances; it instead provides the ramifications should future bona fide purchasers, judgment creditors, or mortgagees assert a property interest against an owner or mortgagee with an unrecorded interest. *See generally Sizes & Shapes Inc. v. Borough*, 2017 WL 3222399, at *4 (N.J. Tax Ct. July 28, 2017). The failure to record did not nullify the Transfers; it simply did not place the world on notice of them, opening a can of worms, where, as here, the Trustee challenges the Transfers under 11 U.S.C. § 544. The statute squarely delineates the effects of the unrecorded Deed and Mortgage on the Trustee but does not undo the Transfers. A properly pled and proven complaint under 11 U.S.C. § 544 may achieve that outcome.

"The section 544(a) powers . . . are limited by their terms to avoidance of prepetition transfers and may not be used by the trustee to avoid postpetition transfers. Avoidance of postpetition transfers is governed by section 549." 5 COLLIER ON BANKRUPTCY, ¶ 544.01, at 544-5 (16th ed. 2018). Since the Court finds that the Transfers here were completed pre-petition, it need only briefly address the Trustee's further arguments that the Transfers implicate 11 U.S.C. § 549.

> iv.    *Post-Petition Transfer Avoidances*

The Bankruptcy Code provides that "the trustee may avoid a transfer of property of the estate . . . that occurs after the commencement of the case." 11 U.S.C. § 549(a)(1). The statute is clear "that Congress intended 11 U.S.C. § 549 to apply only to those transfers of estate property that occur *after* the commencement of a debtor's bankruptcy case." *Bauer v. Gen. Elec. Cap. Corp. (In re Oncology Assocs. of Ocean County LLC)*, 510 B.R. 463, 468 (Bankr. D. N.J. 2014).

Where, as here, the Trustee makes arguments that necessarily contradict each other, only one can logically prevail. The answer to the Transfers' timing is answered unequivocally in New

8

Jersey state law. The Chapter 7 bankruptcy estate did not include the Property because on the Petition Date, the Debtor already had conveyed any legal or equitable interest in the Property. Having accepted all of the Complaint's allegations as true, the Trustee is unable to state a plausible claim for relief under 11 U.S.C. § 549 because he fails to satisfy a material element, i.e., that the Chapter 7 bankruptcy estate ever encompassed the Property. The Trustee has neither contended in his Complaint nor briefed in his Objection that the Deed and Mortgage recordings constituted transfers subject to avoidance. Accordingly, Count I fails to state a cognizable claim under 11 U.S.C. § 549(a)(1). To the extent that Count I independently asserts a claim based upon 11 U.S.C. § 544, it should be repled clearly and distinctly.

V.     CONCLUSION

The Debtor executed and delivered the Deed to the Vachhanis, who accepted the Deed before the Petition Date. Likewise, they executed the Mortgage with Wells Fargo and encumbered the Property pre-petition. New Jersey law governs and establishes that these Transfers occurred pre-petition. As a consequence, the Trustee cannot make a cognizable claim under 11 U.S.C. § 549(a)(1). For the reasons stated above, the Court **GRANTS** the Motions under Federal Rule of Civil Procedure 12(b)(6) and **DISMISSES** Count I of the Complaint for failure to state a claim upon which relief can be granted under 11 U.S.C. § 549(a)(1).

The Court further **ORDERS** that the Trustee may endeavor to replead Count I based upon 11 U.S.C. § 544 and N.J. Stat. 46-26A-12 within 20 days. To the extent, the Trustee relies on 11 U.S.C. § 544 in Count II, those arguments remain intact and will be dealt with in due course.

**IT IS SO ORDERED** at Hartford, Connecticut this 22nd day of January 2019.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

9